MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 98
Docket:      Yor-20-16
Submitted
  On Briefs:  June 25, 2020
Decided:     July 14, 2020

Panel:        MEAD, GORMAN, HUMPHREY, and CONNORS, JJ.

TEGAN S. TESKE

v.

SARAH M. TESKE

GORMAN, J.

[¶1]  Sarah M. Teske appeals from a judgment of divorce entered by the District Court (York, *Duddy, J.*) after a hearing.  We vacate the portion of the judgment denying Sarah's request to change her name and otherwise affirm the judgment.

[¶2]  In 2017, Tegan S. Teske filed a complaint for divorce from Sarah.  In response, Sarah filed an answer and counterclaim in which she did not request that the court change her name.  In November of 2019, the court held a final hearing in the matter; in advance of that hearing, each party submitted a proposed judgment to the court that included a provision changing Sarah's name to her former name, Sarah Chagnon.  The issue of Sarah's name change was not discussed by either party at the hearing.  On November 20, 2019, the

court entered a divorce judgment in which the court stated that it "decline[d] to change [Sarah's] name."

[¶3]  Title 19-A M.R.S. § 1051 (2020), which governs name changes in divorce proceedings, requires a court entering a divorce judgment to grant a spouse's request to change his or her own name to a former name.[1]  Although Sarah did not request a name change in her counterclaim, she did request this relief in her proposed judgment, and the court was aware that she had done so. The court's rationale for denying the name change was completely understandable,[2] but it was nonetheless error.  Accordingly, we vacate the portion of the judgment denying Sarah's request to change her name, and remand with instructions to amend the judgment to provide that Sarah Teske's name be changed to Sarah Chagnon.[3]

---

[1]  Sarah did not reference 19-A M.R.S. § 1051 (2020) in her proposed judgment or during the hearing.  Section 1051 provides that, "[u]pon the request of either spouse to change that person's own name," the divorce court "[s]hall change the name of that spouse to a former name requested"; it provides for no exceptions to this mandate.  In these respects, section 1051 differs from Maine's other statute governing name changes, 18-C M.R.S. § 1-701 (2020), which is couched in permissive language and, additionally, prohibits a court from granting a name change "if the judge has reason to believe that the person is seeking the name change for purposes of defrauding another person or entity or for purposes otherwise contrary to the public interest."

[2]  At the time of the divorce judgment, Sarah had absconded to Canada with the parties' children. The court stated that it was declining to change Sarah's name "so as not to complicate law enforcement and international efforts to locate [Sarah] and have the children returned."

[3]  We are unpersuaded by Sarah's remaining arguments and do not address them.

The entry is:

> Portion of judgment denying Sarah Teske's request to change her name is vacated. Remanded to the District Court for modification of the judgment to change Sarah Teske's name to her former name, Sarah Chagnon. Judgment affirmed in all other respects.

---

Natalie J. Kreckel, Esq., Fairfield & Associates, P.A., Kennebunk, for appellant Sarah M. Teske

Matthew W. Howell, Esq., Clark & Howell, LLC, York, for appellee Tegan S. Teske

York District Court docket number FM-2017-170
FOR CLERK REFERENCE ONLY